# CHARLESTON.

## WILLIAMS, ADMR, *v*. KNIGHTS.

### February 27, 1874.

1. When, on motion of the defendants, the judgment entered at rules in the clerk's office, is set aside, and leave given the defendants to file a special plea in thirty days, an appellate court will presume, where no bill of exceptions has been filed, that such order was made by the consent or acquiescence of the plaintiffs.
2. The record not disclosing with certainty whether special pleas were filed, or if filed, showing that no replications were filed thereto, and no issue joined thereon, it was error to try the cause, and the judgment entered upon the verdict must be reversed.

1874.
January Term.

| | |
|---|---|
| 7 | 335 |
| 43 | 823 |

An appeal. by S. B. Williams, administrator *de bonis non* of Wm. McClung, deceased, from a judgment of the circuit court of Greenbrier county, rendered on the 23rd day of June, 1869, in a certain action at law, wherein the said Williams, as such administrator, as aforesaid was plaintiff, and George Knight and Alexander Knight were defendants. The facts sufficiently appear in the opinion of the Court.

The Hon. Nathaniel Harrison, judge of the said circuit court, presided at the trial below.

*Robert F. Dennis* for the appellant.

*John W. Harris* for the appellees.

PAULL, JUDGE :

The plaintiff brought an action of debt on the bond of the defendants for $2,000, and the common order against the defendants was confirmed at rules in October, 1867, in the clerk's office of Greenbrier county.

At a term of the Greenbrier circuit court, held in November, 1867, the following order was made, to-wit : "This day came the parties, by their attorneys, and on motion of the defendants, the judgment entered at rules in the clerk's office is set aside, and thereupon leave is given the defendants to file a special plea in thirty days, and this cause is continued until next term." Copies of two special pleas as found in the record, which recites that they were found filed away with the papers in this cause ; and on the office judgment docket, for the term to which the suit was brought, there is found, in the handwriting of the clerk, in the column in which the minutes were made of the disposition of the several causes, at that term, this entry, "special plea ;" and on the docket for the succeeding, and each subsequent term, until the case was finally disposed of, in the column containing the last orders made, this entry, "special plea." Nothing more appears in the record, except that at the term of the court held in June, 1869, a jury was empaneled, which found a verdict for the defendants, and a judgment for the defendants was entered upon the verdict.

It is admitted, by the counsel on either side, that this judgment must be set aside owing to the irregularities appearing upon the face of the record ; but they were not equally agreed as to what judgment this Court should now proceed to enter.

It is contended by the defendants that the cause should be remanded for further proceedings, while the plaintiffs maintain that judgment should now be entered for the amount of their debt. The difficulty arises under the action of the court below, taken at the November term,

1874.
January Term.

Williams,
v.
Knights.

1867, setting aside the office judgment, and giving leave to the defendants to file a special plea in 30 days. The forty-fifth section of the Code of Virginia provides, (and the provision is similar in the present Code of West Virginia,) "if a defendant against whom judgment is entered in the office, shall, before it becomes final, appear and plead to issue, it shall be set aside, unless an order for enquiry of damages has been executed :" as no plea to issue was filed at the time the office judgment was set aside it is claimed that the order setting it aside was erroneous, and should now be reversed, and judgment entered for the plaintiffs. That it was competent, however, for the court, by the consent or acquiescence of the defendants, to make such order cannot be denied, and this Court, we think, may now presume that such consent was given. If the defendants desired to repel such presumption, a bill of exceptions should have been filed to the action of the court. The propriety and necessity of this course, is plainly pointed out in the case of *White v. Toncray,* 9 Leigh, 352. In that case the defendant tendered pleas of setoff which were rejected by the court. Upon a motion to have these pleas brought up on a *certiorari* before the supreme court of Virginia, that court refused the motion, holding, first, that the pleas were no part of the record and, secondly, if they were, yet as the defendant acquiesced in the rejection of of them, and took no exception, he cannot now bring that matter in question before the court. Judge Tucker says "that this court must take it that they were properly rejected, as the defendant did not except. His acquiescence in the rejection must be presumed ; and as it is possible there may have been good reason for the rejection, that reason must be taken to have existed, as he did not call upon the court to sign a bill of exceptions, in which its reasons would have been stated."

In this case, it is seen, that the defendant was complaining of this error of the court in rejecting his pleas ;

43

1874.
January Term.

Williams
v.
nts.

the court say, he should have excepted, when the reasons for the rejection might have appeared. Now, in the case under consideration, the plaintiff complains that the court set aside the office judgment, when no plea to the issue was filed, as the statute requires ; but no bill of exceptions was taken, wherein the court might have assigned reasons for so doing ; in the absence of any exceptions, for aught that this Court can now see, the order complained of may have been made with his consent, or acquiescence, and this in accordance with the language of judge Tucker, must now be presumed. This case in 9 Leigh. is followed in the case of *Bowyer v. Hewit, Ruffner & Co.* 2 Gratt. 193, and *Herrington v. Harkin's, Admrs.*, 1 Rob. (Va.) 591. With this view of the case, the office judgment, thus set aside, with the presumed acquiescence of the plaintiff, has never become a final judgment, by operation of the statute. The subsequent proceedings in the cause are irregular, even if the pleas could be regarded as properly filed. There were no replications thereto, and no issue joined or tried. The judgment rendered on the verdict is erroneous, and must be set aside and reversed, with costs to the appellant, and this Court proceeding to render such judgment as the court below ought to have rendered, doth adjudge and order that this cause be remanded to the circuit court of Greembrier county for further proceedings ; and that the defendants have leave to file good and sufficient pleas in bar, if they shall so desire ,or otherwise judgment be entered for the plaintiff for the amount of his debt in the declaration mentioned, according to law, and the costs of suit.

The other Judges concurred.

JUDGMENT REVERSED AND CAUSE REMANDED.