MARION MACHINE WORKS *v.* CRAIG.

Decided November 12, 1881.

1. The amount in controversy in an action or suit, so far as the plaintiff is concerned, is the amount really claimed by him, which amount is to be ascertained according to the circumstances of each case from the pleadings, the evidence before the court or jury, or from affidavits.

2. As to the defendant the amount of the decree or judgment is the test in all cases of the amount in controversy.

3. Where it does not appear by the record in an action at law, that pleas were filed and issues joined, the verdict of the jury is erroneous and should be set aside.

4. A bill of exceptions states, that "The defendant offered evidence on the plea of *nil debet* and other pleas tending to prove and sufficient in the opinion of the court, if true, to destroy the legal validity of the note described in the plaintiff's declaration." This is not sufficient to show, that pleas were filed and issues joined in the case.

5. Agreement of counsel, that pleas were used and treated as filed upon the trial of the cause, and that 'issues were made up in due form upon said pleas, and that such pleas and issues may be treated as a part of the transcript of the record in the Appellate Court, cannot be regarded in this Court; the record alone must determine what pleas were filed and what issues were joined.

Writ of error and *supersedeas* to judgments of the circuit court of the county of Preston rendered on the 17th day of April, 1877, and on the 6th day of April, 1880, in an action in said court then pending, wherein the Marion Machine Works was plaintiff, and Charles C. Craig was defendant, allowed upon the petition of said Craig.

Hon. John Brannon, judge of the sixth judicial circuit, rendered the judgments complained of.

The facts of the case sufficiently appear in the opinion of the Court.

*Brown & Monroe* for plaintiff in error cited the following authorities:    4 Call 580; 2 H. & M. 308; 3 H. & M. 237; Const. Art. VIII, § 27; 3 Munf. 136; 5 Munf. 276; 8 Gratt. 549; 4 Cranch 316.

*James Morrow, Jr.* for defendant in error cited the following authorities:   3 Dall. 401; 3 Pet. 33; *Id.* 469; 2 How. 73; 4 Wall. 163; 6 Pet. 349; 1 Wall. 66; *Id.* 337; 3 Otto 241; 7 Otto 1; 4 Min. Inst. 857, pt. 1; 27 Gratt. 735; Acts 1872–3, ch. 17, § 22.

PATTON JUDGE, announced the opinion of the Court:

The Marion Machine Works brought an action of debt in the county court of Preston county on the 16th day of March, 1875, against Charles C. Craig to recover from him the amount of a note for the sum of $240.00 with interest from the 11th day of September, 1872. A jury was empanelled in the case and retured a verdict in favor of the plaintiff for $20.00; whereupon the court upon motion in arrest of judgment "being of opinion, that it has no jurisdiction of this case, it is therefore considered, that the plaintiff take nothing by its suit, and that the defendant recover from the plaintiff his costs here expended." From this judgment the plaintiff took an appeal to the circuit court of Preston county on the

17th day of April, 1877. This appeal was heard in that court, which being of opinion that there was error in the judgment of the county court, reversed the same with costs and retained the cause for further proceedings to be had therein. Subsequently the defendant in the said circuit court filed four pleas, upon which issue was joined; and the cause was on the 25th day of March, 1880, submitted to a jury, who found a verdict for the plaintiff for the sum of $200.00. Upon this verdict the court entered a judgment for that sum with interest thereon from the 3d day of April, 1880, and the costs. To the last trial there was no bill of exceptions, motion for a new trial or any error assigned; but the defendant applied for and obtained a writ of error and *supersedeas* to this Court.

The ground of error assigned is, that the circuit court erred in awarding a new trial in its court; that its power was limited in reversing the judgment of the county court to entering up such judgment, as the county court ought to have entered.

It is true, that an Appellate Court in case of the reversal of the judgment of the court below can only enter up such judgment, as the court below ought to have entered. The question then is: What judgment ought the county court to have entered up in this case? There was no bill of exceptions, motion for a new trial, or any error assigned, which would affect the merits of the case or show, that the verdict of the jury for the sum of $20.00 was really all, that upon the trial of that case the plaintiff was entitled to recover. If then there was no irregularity or error in the case preceding the verdict, I can see no other judgment, that the county court could have rendered but a judgment in favor of the plaintiff for the sum of $20.00 and costs; and in reversing the judgment of the court, which instead of entering judgment upon that verdict gave judgment against the plaintiff, the circuit court should have entered a judgment for that sum.

The county court gave judgment for the defendant, upon the ground that it had no jurisdiction of the case. There is nothing upon the record to show a want of jurisdiction in the county court, unless the verdict of the jury being for $20.00

is considered conclusive of what was the amount in controversy, in which case under Article VIII, section 27 of the Constitution, and section 3, chapter 13 of the Acts of 1872–3, page 35, which provides: "The county court shall have original jurisdiction in all actions at law, where the amount in controversy exceeds $20.00," the county court would have had no jurisdiction, and its judgment for the defendant was right, and it should have been affirmed. But is the verdict of the jury the test of the amount in controversy? Obviously not, so far as the plaintiff in an action is concerned; but it is the test as to the defendant. The very ground of complaint and of appeal in many cases is, that a large sum was due and claimed, but was not allowed in the court below, but a verdict and judgment were rendered for the defendant. In the case of *Rymer* v. *Hawkins, supra,* the question of jurisdiction as to the amount in controversy was considered by the court; and Judge Haymond in delivering the opinion of the court says: "If the sum decreed to be paid to a plaintiff in chancery be less than the amount requisite to give jurisdiction to the Court of Appeals, but the matter in controversy in the suit be equal thereto, the court may take jurisdiction of an appeal from that decree by the complainant. *Minor* v. *Goodall,* 3 Call 393. This is not true of the defendant in any case, where judgment or decree has been rendered against him for less than $100.00 exclusive of costs, no matter what the amount claimed may have been, for in such a case the controversy for the requisite amount is not continued in the Court of Appeals."

In the case of *Gage* v. *Crockett,* 27 Gratt. 736, Judge Staples says: "According to the decisions of the Supreme Court of the United States in order to determine" the matter in controversy "recurrence must be had to the subject, for which the suit is brought, and on which issue is joined. Where the plaintiff sues for money and claims in his declaration more than $2,000.00, but by the ruling of the court obtains a judgment for less, he is entitled, to an appeal because as to him the matter in controversy is the sum claimed, and upon a new trial he may obtain a recovery for that sum or more."

In the case of *Scott* v. *Lunt's adm'r.,* 6 Pet, 349, it was held, that where "the plaintiff claimed in his declaration the sum of

$1,241.00 and laid his damages at $1,000.00, a general verdict having been given against him, the matter in dispute is the sum he claims *ad quod damnum.*"

Mr. Justice Story in the case of *Knapp* v. *Banks*, 2 How. 73 says: ·"The distinction constantly maintained is this: where the plaintiff sues for an amount exceeding $2,000.00, and the *ad damnum* exceeds $2,000.00, if by reason of an erroneous ruling of the court below, the plaintiff recovers nothing or less than $2,000.00 there, the sum claimed by the plaintiff is the sum in controversy, for which a writ of error will lie. But if a verdict is given against the defendant for a less sum than $2,000.00, and judgment passes against him accordingly there, it is obvious, that there is on the part of the defendant nothing in controversy beyond the sum, for which the judgment is given, and consequently he is not entitled to any writ of error."

Mr. Justice Field in the case of *Lee* v. *Watson*, 1 Wall. 339, says: "To authorize a re-examination of a final judgment of the circuit court, the matter in dispute must with some exceptions exceed the sum or value of $2,000.00. By matter in dispute is meant the subject of litigation—the matter, for which the suit is brought,—and upon which issue is joined, and in relation to which jurors are called and witnesses examined. In an action upon a money-demand, where the general issue is pleaded, the matter in dispute is the debt claimed; and its amount as stated in the body of the declaration, and not merely the damages alleged, or the prayer for judgment at its conclusion, must be considered in determining the question, whether this Court can take jurisdiction on a writ of error sued out by the plaintiff. * * * * Reference must be had to both the debt claimed and to the damages alleged in the prayer for judgment."

It is plain from the authorities, that the real amount claimed by the plaintiff, to be ascertained from the pleadings or evidence in the cause, is the test of what is the amount in controversy, and not the verdict of the jury or the judgment of the court. Where there is an action of debt the declaration on its face shows the amount claimed by the plaintiff, which, if not reduced by the pleadings in the cause, will be taken as the measure of the plaintiff's claim and of the amount

in controversy. But in actions of trespass or assault and battery, where the law prescribes no limitation as to the amount to be recovered, and the plaintiff has a right to estimate his damages at any sum, the damages stated in the declaration is the thing put in demand and presents the only criterion, to which from the nature of the action we can resort in settling the question of jurisdiction. There is no common uniform rule, that can be applied to the subject; each case must stand upon its own circumstances as to the question of jurisdiction.

In the case of *Dryden* v. *Swinburn,* 15 W. Va. 250, Judge Green says : " As under this clause of our Constitution appellate jurisdiction is given to this Court, where the matter in controversy exclusive of costs is of greater value than $100.00, and as this jurisdiction is entirely independent of the form of action, it must happen in many cases from the form of the action, that the value of the matter in controversy is not disclosed by the record. In such cases it must follow, that it may be shown by evidence *aliunde,* as by affidavits filed in this Court, or a certificate of the value in controversy according to the proofs in the court below; and either of these methods may be therefore resorted to in order to show the value of the matter in controversy."

In this case, which was an action of debt to recover a note of $240.00 with interest from the 11th day of September, 1872, there is nothing to show, that the whole amount of that note was not in controversy except a singular bill of exceptions, which was signed by the court, and is as follows :

" *Be it remembered,* that upon a final rendition of judgment in this cause, the plaintiff, by its attorney, asked the court to certifiy that the demand made in the writ and plaintiff's declaration was for a greater sum than $20.00, to wit, for the sum of $240.00, with interest thereon from the 11th day of September, 1872, and that upon the trial of said cause no payments were proved to have been made by the defendant, Craig, to said Marion Machine Works on the note sued on, except the credits endorsed on said note, but the court, while admitting the facts above set forth to be true, yet refused to certify the same, because there was no plea of payment filed in the cause, and because the whole facts in the

cause are not requested to be certified, and because the defendant offered evidence on the plea of *nil debet,* and other pleas, tending to prove, and sufficient to prove, if true, in the opinion of the court, to destroy the legal validity of the note described in the plaintiff's declaration, to which ruling and opinion of the court, the plaintiff by its counsel excepts, and prays that this bill of exceptions may be signed, sealed and made a part of the record in said cause, which is accordingly done."

If the declaration in this cause was not sufficient to show, that the claim of the plaintiff was for a sum in excess of $20.00, this bill of exceptions, while in form refusing to certify as to the amount in controversy, does in substance certify, that the amount in controversy was in excess of $20.00. While declining to certify it does in reality certify to the facts. It is obvious, that the amount in controversy was sufficient to give the county court jurisdiction, and that it erred in rendering judgment for the defendant upon that ground.

The next question is: What judgment ought the county court to have rendered in this case? So far as the case has been stated, judgment should have been entered for the $20.00 and the costs; but the record fails to show, that there were any issues of any kind in the case. The case was tried by the jury without plea or issue. It has been repeatedly determined, that the verdict of a jury not found upon issue joined between the plaintiff and defendant is erroneous and must be set aside. *Baltimore and Ohio Railroad Company* v. *Christie,* 5 W. Va. 325; *Williams, adm'r* v. *Knights,* 7 W. Va. 335. The bill of exceptions does not cure this difficulty. It does not show, that pleas were filed, but only that the defendant offered evidence on the plea of *nil debet* and other pleas. What the other pleas were does not appear. Even if the bill of exceptions certified, that pleas were filed and issues were taken on those pleas, and the pleas were set out or identified, in could not alter or change the fact, that the record does not show such pleas and issues on them, and it must appear of record, that the issue was made up before the jury was sworn.

In the case of *Sweeney* v. *Baker,* 13 W. Va. 158: there

was copied by the clerk in the record a certificate signed by the judge, stating that a demurrer to a declaration had been filed and overruled by the court, but that the clerk had not entered the filing of the demurrer on the record. Judge Green in delivering the opinion of the Court says: "But assuming that this certificate was made and signed by the judge, while the cause was pending in this Court, and while he would have had at least under some circumstances a right to have had the record corrected by the clerk entering on the record-book the filing of the demurrer and the overruling of it by the court, still it would be impossible to regard the memorandum as the equivalent of such an amendment. The record-book itself must show, what pleadings have been filed, and what has been the action of the court upon them. * * * * The record-book still fails to show the filing of the demurrer at any time, and to this record-book alone can we look to ascertain, whether a demurrer was filed."

An attempt has been made to cure this defect by the following agreement of counsel, expressed in writing and printed with the record in this Court: " Whereas, it appears that through inadvertence or oversight the four pleas in writing filed in the aforesaid cause on the 13th day of October, 1875, were not noted upon the records of said court; whereupon, for the purpose of perfecting this transcript of the record, we admit that the said four pleas were used and treated as filed upon the trial of the said cause; that issues were made up upon said pleas in due form; and therefore we agree that the said pleas, together with the account filed therewith stating the nature of the payments and sets-off, which the defendant desired to prove (and have allowed him) on said trial, shall be made part of this transcript." If the certificate of the judge, who presided in the case, as in *Sweeney* v. *Baker*, is not sufficient to dispense with the record-evidence of the filing of pleas, although it was in his power to have corrected the record, I do not see, that the agreement of counsel can have that effect. As Judge Green says: " The record-book still fails to show the filing of a demurrer at any time and to this record-book alone can we look to ascertain whether a demurrer was filed." To allow counsel by agreement to make up an issue in this Court, which did not exist in the court below,

would be to bring here a case not tried there. To reverse the judgment of the lower court, when its decision was clearly right upon the case as tried by it, would be clearly wrong. Such practice would place it in the power of counsel to present moot questions to this Court by making up issues not presented to the court below, nor arising upon the record. This Court acting in its appellate capacity must review the case appealed from and affirm or reverse it, as appears *by the record* to be right.

No issues then having been made up in this case in the county court, the verdict of the jury should have been set aside, and a new trial awarded with an opportunity to the parties to plead and make up an issue. The county court having failed to do this, it was the duty of the circuit court to reverse the judgment and enter such judgment, as the county court ought to have entered. This was done by the circuit court; but instead of sending the case back to the county court to be tried there under section 22, chapter 18, Acts of 1872–3, page 63, it properly retained the cause in that court for further proceedings, which were had in a trial of the cause before a jury upon issues joined, which resulted in a verdict and judgment for the plaintiff for $200.00 with interest from the 3d day of April, 1880, and the costs.

The judgment of the circuit court must be affirmed with costs.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.