# CHARLES TOWN.

JOHNSON *v.* THE WHEELER LUMBER COMPANY.

Submitted September 15, 1910.  Decided September 9, 1911.

1.  COURTS—*Jurisdiction—Amount in Controversy.*
    As to a defendant, the jurisdiction of this Court is tested by the amount of the judgment or decree of the court below against him, and not by the amount sued for.  (p. 540).

2. JUDGMENT—*Amendment.*

When notice of a motion to correct the judgment of a prior term given by one party to the other, returnable to a day certain, is not proven or docketed, or otherwise noticed on the record on the return day, such motion should be treated as having been abandoned; and it is error, reversible here, for the court below, at a subsequent day, unless the error or omission be waived by appearance thereto, to take up such motion and pronounce judgment thereon. (p. 541).

3. APPEAL AND ERROR—*Review—Void Judgment.*

Such erroneous and void judgment is not a judgment by default, and it may be reviewed here without a motion in the court below to correct the same, pursuant to sections 5 and 6, chapter 134, Code 1906. (p. 543).

Error to Circuit Court, Randolph County.

Action by Ed Johnson against the Wheeler Lumber Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

*W. B. Maxwell,* for plaintiff in error.

*James Coberly,* for defendant in error.

MILLER, JUDGE:

The plaintiff, defendant in error, presents a preliminary question of jurisdiction.

The amount of the judgment against defendants, a co-partnership, on the verdict of the jury on appeal, in the circuit court, is one hundred and eleven dollars and nine cents, with damages at the rate of ten per centum per annum until paid, and costs. It is claimed by plaintiff, however, that as the amount demanded by him in his action, begun before a justice, was but eighty-six dollars and forty-nine cents, exclusive of interest and costs, the amount in controversy is not sufficient to give this Court jurisdiction of a writ of error to the judgment below against defendants. This is not the law. As to the defendant the amount of the decree or judgment is the test in all cases, of the amount in controversy. *Marion Machine Works* v. *Craig,* 18 W. Va. 559; *Faulconer* v. *Stinson,* 44 W. Va. 546; *State* v. *Boner,* 57 W. Va. 81. So the point is overruled.

The first point relied on by defendants is that the court below was without jurisdiction to pronounce the judgment com-

plained of. On the trial, at the preceding term, defendants at the close of plaintiff's evidence, demurred thereto, and the jury returned a conditional verdict, that if the law should be for plaintiff on defendant's demurrer to the evidence then they found for plaintiff the sum of one hundred and eleven dollars and nine cents; but if for defendants, then they found for them. At a subsequent day of that term, according to the order then entered, on consideration of said demurrer, the court was of opinion, that the law arising thereon was for the defendant, and its judgment then pronounced was that plaintiff take nothing by his action, and that defendants recover their costs. This judgment was pronounced at the November term, 1909, of said court.

The judgment here complained of was entered on February 19, 1910, on notice by plaintiff to defendants, that on February 18, 1910, he would move the court to change the judgment of the preceding term, "so that it will overrule the said demurrer of the said defendant to the said evidence, in said action, and give judgment in favor of the said plaintiff against the said defendant for the amount of his claim in said action"; and that the ground of said motion was, "that the said order was entered through a misprision or misapprehension of the clerk, and is contrary to the finding of the court."

The first point made against this judgment is, that the notice, made returnable to February 18, was not docketed, or noticed on the record, until February 19, the day of the judgment thereon, and that consequently plaintiff must be regarded as having abandoned his notice, and that the court without a new notice duly served on defendants was without jurisdiction on this ground to pronounce the judgment complained of, or disturb its judgment for defendant at the preceding term.

We have no statute controlling motions of this character, and we think the general rule is, when a notice like the one we have here is made returnable to a day certain, and is not docketed on the return day, or is not noticed on the record, the person giving such notice should be treated as having abandoned the notice and that it is error for the court at a subsequent day, unless the error or omission be waived by appearance thereto, to take up the motion and pronounce judgment thereon. *Central Land Co. v. Calhoun,* 16 W. Va. 361, 366-7, involved a notice for award

of execution on a forfeited forthcoming bond, not proved or docketed, or noticed on the record on the return day. The court in that case, by Judge GREEN, says: "This omission of the plaintiff in error to have his notice proved and his motion docketed at the proper time could have been taken advantage of by the defendants in error in the county court; but by entering a general appearance, three days afterwards, and moving to have the proceedings on their merits continued, and failing to ask before such appearance and motion to have them dismissed because of this irregularity, the defendants admitted themselves to be properly before the court and effectually waived all right to object to this irregularity, even in the court below, much less in this Court." Citing *Venable* v. *Coffman,* 2 W. Va. 319, and *The Bank of the Valley* v. *The Bank of Berkeley,* 3 W. Va. 391. See, also, 28 Cyc. 7; 15 Amer. & Eng. Ency. Law, (1st Ed.) 913. The rule applicable to cases of notice or process, controlled by section 2, chapter 124, Code, not requiring docketing, is inapplicable. *Gas Co.* v. *Wheeling,* 7 W. Va. 22; *O'Brien* v. *Camden,* 3 W. Va. 20.

Plaintiff's reply to this point is that defendant appeared, as shown by the record, and not objecting at the hearing of the motion, waived the error, if any, bringing the case within the exception noted in *Land Co.* v. *Calhoun, supra.* In support of this position the judgment entry is relied on. It recites that "this day came the plaintiff * * * * and moved the court to amend and correct the order entered in this cause on the 25th day of Nov., 1909, * * * * * *. And it appearing to the court that notice of the intention of said plaintiff to make such motion has been duly served upon the defendants, and after hearing the evidence adduced, and the argument of counsel the court is of opinion, and doth consider, that the said order, entered, * * * * * was so entered through a misprision or misapprehension of the clerk, and that the same is contrary to the finding of the court." The order further shows the motion sustained, and the former order amended and corrected and the order then entered *nunc pro tunc,* should stand instead of and take the place of said former order, as follows: "This day came the parties by their attorneys, and the court having maturely considered of its judgment, upon the defendants' demurrer to the evidence, is of opinion that the law arising upon said de-

murrer is for plaintiff. It is therefore, &c." There is nothing in this order, thus far, to indicate the presence, or appearance of defendants to said notice. True the order *nunc pro tunc* recites the appearance of "the parties by their attorneys," but this clearly has reference to the time of the original judgment in favor of defendants, on the demurrer to the evidence, not to the notice of the motion to correct and amend that judgment. We do not think the recital that the court heard "the evidence adduced" even implies the presence of the defendant participating in the trial of the motion, or offering evidence thereon. But the last sentence of the judgment appealed from is: "To which action of the court the defendants excepted." It is urgently insisted that this part of the order clearly shows the presence of defendants, not at the date of the original judgment, corrected, but on February 19, 1910, when the judgment appealed from correcting the former judgment was pronounced. If this be the correct interpretation of that order we think the position of plaintiff's counsel well founded; but should the order be so interpreted? Should the language of the last sentence quoted, be construed as applying to the action of the court on the motion of plaintiff to correct the original judgment, or as a part of and relating to the *nunc pro tunc* judgment? We think the latter the proper and reasonable construction. This seems clear from the language of the first part of the order reciting the appearance, the service of the notice on, but not the appearance thereto of defendants, and the plain purpose of the last sentence of the order to save an exception to the judgment, as according to the claims of plaintiff and the finding of the court it was intended the original judgment should be. Our conclusion is, therefore, that the error was not waived by appearance and failure to object.

But it is claimed that the court heard evidence on the motion, and that this evidence not being certified or brought up, the appellate court cannot reverse the judgment on the notice. There might be merit in this proposition if the court had acquired jurisdiction to enter into the merits of the motion, but if the notice was allowed to lapse, as we think it was, the court could not consider the merits of the motion without appearance thereto by defendant, and waiver of the error to docket the motion on the return day of the notice. Such void or erroneous judgment

we do not think should be treated as a judgment by default, requiring as a condition precedent to review here, a motion in the court below to correct the same, pursuant to sections 5 and 6, chapter 134, Code 1906. A judgment by default contemplates process of a court, duly served, and default of appearance, not one entered on notice, abandoned as in the case at bar. *Bank* v. *Manufacturing Co.*, 48 W. Va. 406, 409.

These views call for a reversal, and preclude any consideration of the merits of the motion, or of the judgment sought to be corrected thereby.

Our opinion is to reverse and set aside the judgment of February 19, 1910, leaving the judgment of the November term, 1909, which it undertook to correct, in full force.

*Reversed.*